OPINION OF THE COURT
 

 Rosenblatt, J.
 

 In matrimonial litigation, counsel fee awards have helped
 
 *605
 
 reduce what would otherwise be a substantial advantage to the monied spouse. Pursuant to Domestic Relations Law § 237 (a), a lawyer who represents a nonmonied spouse may seek attorneys’ fees from the monied spouse in the divorce action. This appeal raises the question whether attorneys may do so after their clients have discharged them without cause. A divided Appellate Division said no. We disagree and reverse.
 

 The Frankels were married in December 1988. The husband was a cardiologist and the wife a homemaker. The husband filed for divorce in 1998, and Supreme Court granted it in 2001. The wife paid her lawyer an initial retainer of $5,000, but the billings soon went well beyond that amount. In June 1999, Supreme Court awarded the wife’s attorney an interim fee of $2,500. Nearly two years later, after a 32-day custody trial, the court granted an additional interim counsel fee of $25,000 on March 12, 2001, to be paid by the husband at the rate of $1,500 per month. Eighteen days later, the wife discharged her lawyer without cause. After taking into account the retainer and the two interim awards, the wife’s lawyer claimed that she owed him considerably more and proceeded against the husband for that amount pursuant to Domestic Relations Law § 237 (a).
 
 [1]
 
 The court ruled that even though the wife’s attorney had been discharged, he could look to the husband for counsel fees. The court then ordered a hearing before a special referee to determine the appropriate award. On the husband’s appeal, the Appellate Division reversed, holding that “former counsel has no standing to pursue the adversary spouse within the matrimonial action” (309 AD2d 65, 69 [2d Dept 2003]).
 

 
 *606
 
 Domestic Relations Law § 237 (a) provides, in pertinent part, that
 

 “[i]n any action or proceeding . . . for a divorce . . . the court may direct either spouse ... to pay such sum or sums of money directly to the attorney of the other spouse to enable that spouse to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.”
 

 The statute goes on to say that “[a]ny applications for counsel fees and expenses may be maintained by the attorney for either spouse in [counsel’s] own name in the same proceeding.” The provision is silent, however, as to whether an attorney who has been discharged without cause has the right in the same proceeding to seek counsel fees.
 

 A divided Appellate Division concluded that, because he was discharged, the wife’s attorney had no standing to proceed against the husband for counsel fees. The Court interpreted Domestic Relations Law § 237 (a) as authorizing only “the current attorney of record” to seek counsel fees against a client’s spouse (309 AD2d at 67). Reading the provision in light of our precedents and the policy interests surrounding the statute, we agree with the Appellate Division dissenters that Domestic Relations Law § 237 (a) allows an attorney who was discharged without cause to proceed against the monied spouse in the matrimonial litigation.
 
 [2]
 

 In
 
 O’Shea v O’Shea
 
 (93 NY2d 187 [1999]), we considered whether a trial court had discretion to award fees under Domestic Relations Law § 237 (a) for legal services rendered before and after the divorce action. Although the predecessor statute, former Civil Practice Act § 1169, included language limiting fee awards to services rendered “during the pendency” of an action, this clause does not appear in the current statute. In concluding that courts could award counsel fees for services performed both before and after the divorce action itself, we looked not only to this textual change but also to the policy underlying fee shifting in the divorce context. This is a dramatic departure from the American rule that usually requires litigants
 
 *607
 
 to pay their own legal expenses. We explained that giving courts the power to order a spouse to pay the other’s counsel fees “is designed to redress the economic disparity between the monied spouse and the non-monied spouse” and ensure that “the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant’s wallet”
 
 (id.
 
 at 190).
 

 That is true here. If lawyers terminated without cause lose their right to petition the court for a fee award from an adversary spouse, the less affluent spouse would suffer the consequences. The spouse with ready and ample funds would have a wide choice of counsel, and the financial wherewithal to maintain the litigation, while the nonmonied spouse would struggle to find a lawyer who might have to go unpaid. A matrimonial lawyer may be willing to carry a client on its accounts receivable books, but not as to accounts that will prove unreceivable. In this regard, the Legislature designed Domestic Relations Law § 237 (a) to eliminate the disparity between the monied and the nonmonied spouse. The husband’s interpretation would thwart the statutory intent.
 

 As amicus American Academy of Matrimonial Lawyers points out, the realities of contentious matrimonial litigation require a regular infusion of funds. Although this is a regrettable byproduct of divorce, interpreting the statute to preclude applications like the one at issue here would confound the collection process and discourage attorneys from representing nonmonied litigants.
 

 The husband argues that a rule allowing a wife’s discharged attorney to proceed against him would impede settlements. We disagree. Allowing the application would enable a global settlement that takes into account property distribution and other equities that affect the outcome. Otherwise, the case would be “settled,” leaving unadjudicated the amount of the attorney’s rightfully earned fees and shifting the venue to a plenary proceeding—another lawsuit, with the unpleasant prospect of a judgment against the nonmonied spouse.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court, Nassau County, reinstated.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Graffeo, Read and R.S. Smith concur.
 

 Order reversed, etc.
 

 [1]
 

 . We note that more frequent interim counsel fee awards would prevent accumulation of bills. As the Committee to Examine Lawyer Conduct in Matrimonial Actions (Committee) noted in a report, “[t]he practice of many judges to defer [pendente lite counsel fee applications] to the trial court essentially delays the awarding of fees until the final settlement or judgment, and often compromises the nonmonied spouse’s ability to adequately litigate the case” (Report of Committee, at 36 [May 4, 1993]). The Committee further observed that if applications for legal fees are denied or deferred, “the attorney for the nonmonied spouse is left not only without payment for services rendered but without reasonable expectation as to how or whether payment will be made. Considering the protracted nature of divorce actions, both client and attorney are left in limbo for an indefinite period of time, a circumstance which can drive a wedge between attorney and client” (id. at 37;
 
 see also
 
 Seheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C237:4 [1999]; Uniform Rules for Trial Cts [22 NYCRR] § 202.16 [k]).
 

 [2]
 

 . We note that in the context of Judiciary Law § 475, we have already held that a discharged attorney may enforce his statutory charging lien (see
 
 KLein v Eubank,
 
 87 NY2d 459, 462 [1996]).