In a support proceeding pursuant to Family Court Act article 4, Barry M. Karson, the petitioner’s former attorney, appeals from an order of the Family Court, Westchester County (Greenwald, J), entered May 17, 2012, which denied his objections to an order of the same court (Cabanillas-Thompson, S.M.), *617 entered January 21, 2012, which denied his motion pursuant to Family Court Act § 438 to direct the respondent to pay his attorney’s fee.
Ordered that the order entered May 17, 2012, is reversed, on the law, with costs to the appellant payable by the respondent, the appellant’s objections to the order entered January 21, 2012, are granted, the order entered January 21, 2012, is vacated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.
The appellant, Barry M. Karson, commenced this proceeding on behalf of his client, Mary Gregory (hereinafter the petitioner) against the petitioner’s husband (hereinafter the respondent), seeking child support and maintenance. The Family Court entered an order of support dated December 2, 2010. At the same time, the Family Court advised the petitioner to file a motion as to the issue of an attorney’s fee. Karson then moved for an order pursuant to Family Court Act § 438 directing the respondent to pay his attorney’s fee. After Karson’s motion was filed, but before it was decided, the petitioner and the respondent, without Karson’s knowledge, executed a stipulation of settlement that provided that “each party shall pay his attorneys” in connection with the support proceeding and that “each party agrees to indemnify and hold the other party free and harmless against . . . the claims of any other attorney or person who rendered or claims to have rendered legal services to him or her” in connection with the support proceeding. In an order entered January 21, 2012, the Family Court denied Karson’s motion, concluding that the stipulation of settlement barred Karson’s claim. In an order entered May 17, 2012, the Family Court denied Karson’s objections to the order entered January 21, 2012. Karson appeals from the order entered May 17, 2012.
A lawyer who represented a nonmonied spouse may seek an attorney’s fee from the monied spouse even after his or her client has discharged him or her without cause (see Frankel v Frankel, 2 NY3d 601, 604-607 [2004]). Here, the stipulation of settlement executed by the petitioner and the respondent was not binding on Karson, who was not a party to the stipulation. The petitioner’s agreement to indemnify the respondent against claims made by Karson does not relieve the respondent of any obligation he has to pay Karson (see Raquel v Braun, 90 NY2d 177, 183 [1997]; Weissman v Sinorm Deli, 88 NY2d 437, 446 [1996]). Thus, the Family Court erred in determining that the stipulation of settlement barred Karson’s claim. Accordingly, we reverse the order entered May 17, 2012, grant Karson’s objec *618 tions to the order entered January 21, 2012, vacate the order entered January 21, 2012, and remit the matter to the Family Court, Westchester County, to consider whether to grant Karson’s motion to direct the respondent to pay his attorney’s fee in its discretion. In making its determination, the Family Court must consider factors such as “the parties’ ability to pay, the merits of the parties’ positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel’s performance and the fees under the circumstances” (Matter of Westergaard v Westergaard, 106 AD3d 926, 926-927 [2013]). Skelos, J.E, Hall, Lott and Hinds-Radix, JJ., concur.