[999 NYS2d 727]

Junelli Maher, Plaintiff, v Edward Maher, Defendant.

Supreme Court, Rockland County, December 18, 2014

### APPEARANCES OF COUNSEL

*Robert S. Sunshine, P.C.*, nonparty movant pro se.
*Junelli Maher*, plaintiff pro se.
*Thomas V. Sassone* for defendant.

### OPINION OF THE COURT

SHERRI L. EISENPRESS, J.

Former attorney for plaintiff, Robert Sunshine, Esq., filed an application for counsel fees via order to show cause against defendant on October 14, 2014. On November 5, 2014, defendant's counsel submitted a one-page copy of a handwritten, notarized letter from plaintiff as opposing papers from both plaintiff and defendant. In that letter, plaintiff acknowledged that the fees owed to Mr. Sunshine were her responsibility, not the responsibility of defendant. No separate opposing papers were filed by defendant.

Mr. Sunshine was discharged by plaintiff without cause following the parties' execution of the stipulation of settlement settling all ancillary issues of the parties' divorce. A copy of that stipulation was submitted to this court, but a judgment of divorce had not yet been signed incorporating but not merging that stipulation. In the parties' stipulation of settlement, the parties agreed to the following:

> "The Wife has been represented by Robert S. Sunshine or the Law Office of Robert S. Sunshine, P.C. located at One Blue Hill Plaza, 3rd Fl., Pearl River, NY 10965 in connection with the negotiation, drafting and execution of this Agreement, and the Husband has been represented in connection with the negotiation, drafting and execution of this Agreement by Thomas V. Sassone, P.C. located at 22 South Main Street, New City, NY 10956. *Each party is responsible for their own attorneys' fees.*" (Stipulation of settlement at 30, art XIX, ¶ 1 [emphasis added].)

Mr. Sunshine seeks counsel fees from defendant in the sum of $5,710 for his representation of plaintiff in the parties' divorce action and contends that in light of the fact that this court has not yet signed a judgment of divorce, this court is

empowered to award him interim counsel fees pursuant to Domestic Relations Law § 237. That statute, in relevant part, states:

> "(a) In any action or proceeding brought . . . (3) for a divorce, . . . may direct either spouse . . . to pay counsel fees and fees and expenses of experts *directly to the attorney of the other spouse to enable the other party to carry on or defend the action or proceeding* as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. There shall be rebuttable presumption that counsel fees shall be awarded to the less monied spouse. *In exercising the court's discretion, the court shall seek to assure that each party shall be adequately represented and that where fees and expenses are to be awarded, they shall be awarded on a timely basis, pendente lite, so as to enable adequate representation from the commencement of the proceeding.* Applications for the award of fees and expenses may be made at any time or times prior to final judgment. . . . Any applications for fees and expenses may be maintained by the attorney for either spouse in his own name in the same proceeding. Payment of any retainer fees to the attorney for the petitioning party shall not preclude any awards of fees and expenses to an applicant which would otherwise be allowed under this section." (Emphasis added.)

Counsel states that fees were incurred when he attended court with plaintiff, prepared her statement of net worth, corresponded and communicated with defense counsel, and negotiated and prepared the stipulation of settlement. In support of his argument that an interim counsel fee award against defendant is appropriate, Mr. Sunshine points out that his client was the non-monied spouse in this case and further argues that defendant absconded with the parties' marital monies. He contends that defendant obstructed discovery throughout the case to cover his tracks, further evidencing that he was in fact the monied spouse.

There are two issues for this court to determine: (i) whether counsel has standing to seek counsel fees from the other party when the parties have signed an agreement stating that each is responsible for his or her own counsel fees and (ii) whether Mr. Sunshine is entitled to interim counsel fees when all issues

of the action appear have been resolved between the parties and the matter is on the verge of being disposed, requiring no further litigation.

On the issue of standing, in *Matter of Gregory v Gregory* (109 AD3d 616 [2d Dept 2013]) the Court addressed this issue in the context of counsel fees in a child support case. The parties litigated a child support proceeding in Family Court and reached a resolution of their issues. An order of support was signed. The attorney subsequently filed a motion for counsel fees, but then, the parties executed an agreement, without the attorney's knowledge, in which each party agreed to pay his or her own counsel fees. The Support Magistrate and the Family Court Judge dismissed the motion on the basis that the attorney's claim was barred by virtue of the parties' agreement. The Appellate Division, Second Department held that "the stipulation of settlement executed by the petitioner and the respondent was not binding on [the attorney], who was not a party to the stipulation" (*id.* at 616). The matter was remitted to the Family Court to consider whether the attorney was entitled to fees pursuant to Family Court Act § 438. Thus, the law is clear that simply because parties agree that they will not seek counsel fees from the other, an attorney is not barred from making an application for fees from the adverse spouse where appropriate.

Here, Mr. Sunshine argues that Domestic Relations Law § 237 is the appropriate basis upon which he may make his application for fees. Former counsel relieved without cause in a matrimonial action is undoubtedly permitted to seek counsel fees from a monied spouse in a divorce case. (*See Frankel v Frankel*, 2 NY3d 601 [2004].) While Mr. Sunshine clearly has standing to seek fees, this court must determine whether it is appropriate to award "interim" counsel fees to a former attorney under Domestic Relations Law § 237 when all issues in the case have been resolved via stipulation, and when the case is on the cusp of being fully concluded.

The statute itself states that fees should be awarded to "enable the other party to carry on or defend the action or proceeding" and "to assure that each party shall be adequately represented." (Domestic Relations Law § 237 [a].) This suggests that the intent of the statute was to assist the financially disadvantaged spouse to be able to retain and maintain counsel throughout the entirety of the divorce action. However, the Court of Appeals noted in *O'Shea v O'Shea* (93 NY2d 187, 192

[1999]) that Domestic Relations Law § 237 specifically deleted the clause "during the pendency" of the action and that this

> "deletion is critical . . . . The statute allows the court to [award fees] at any time after the start of the action up through the entry of final judgment. Our interpretation is based on the Legislature's obvious and purposeful omission of the phrase 'during the pendency,' in support of its goal of expanding judicial discretion in allocating legal expenses."

The Court held in *O'Shea* that the wife was entitled to seek fees not only for her representation during the pretrial proceedings and the 12-day trial but also for counsel fees hearings in connection with her requests for the husband to pay all of her counsel fees for the entirety of the legal proceedings. (*Id.*) In so holding, the Court stated that

> "it is a matter of discretion, to be exercised in appropriate cases, to further the objectives of litigational parity, and *to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation.* This is in keeping with this Court's holding in *DeCabrera v Cabrera-Rosete* (70 NY2d 879), that flexibility and judicial discretion are essential devices in adjusting financial disparities in litigation." (*Id.* at 193 [citations omitted and emphasis added].)

In the instant case, Mr. Sunshine contends that defendant engaged in certain dilatory tactics, such as refusing to comply with discovery demands, which resulted in prolonged litigation and more fees. If those allegations are true, then the Court of Appeals' language in *O'Shea* suggests that this court ought to consider evening the playing field and awarding fees to plaintiff's former attorney for such tactics on defendant's part.

Five years later in *Frankel* the Court of Appeals once again had to determine the issue of counsel fee awards in matrimonial cases pursuant to Domestic Relations Law § 237. In that case, the parties tried their custody case over 32 days and the trial court had issued two interim counsel fee awards in the wife's favor during the litigation (2 NY3d at 605). Eighteen days after the conclusion of the trial, the wife discharged her counsel without cause and the attorney filed an application for fees against the husband. (*Id.*) The trial court ordered a hearing on the issue of counsel fees. On appeal, the Appellate Division determined that the former attorney lacked standing to

pursue the adverse party for counsel fees. (*Id.*) The Court of Appeals reversed and held that the former attorney had standing to seek fees in a divorce case from the other spouse. The Court stated,

> "If lawyers terminated without cause lose their right to petition the court for a fee award from an adversary spouse, the less affluent spouse would suffer the consequences. The spouse with ready and ample funds would have a wide choice of counsel, and the financial wherewithal to maintain the litigation, while the nonmonied spouse would struggle to find a lawyer who might have to go unpaid." (*Id.* at 607.)

The Court indicated that the broad discretion given the trial court to award fees pursuant to Domestic Relations Law § 237 anytime prior to entry of the final judgment

> "enable[s] a global settlement that takes into account property distribution and other equities that affect the outcome. Otherwise, the case would be 'settled,' leaving unadjudicated the amount of the attorney's rightfully earned fees and shifting the venue to a plenary proceeding—another lawsuit, with the unpleasant prospect of a judgment against the nonmonied spouse." (*Id.*)

Such language suggests that despite the resolution of ancillary issues to the divorce, precluding the attorney of a less-monied spouse to seek counsel fees from the other spouse prior to entry of a final judgment of divorce may lead to a financially inequitable outcome for the financially disadvantaged spouse.

There is no evidence in the record that defendant has stipulated to an award of counsel fees being made solely on the basis of affirmations and affidavits. To the contrary, his submission of the plaintiff's notarized statement in which she accepts full responsibility for the counsel fees owed Mr. Sunshine demonstrates that he is objecting to any orders directing him to pay fees to plaintiff's former counsel. Accordingly, defendant is entitled to an evidentiary hearing on the issues presented in Mr. Sunshine's motion (*see O'Connor v O'Connor*, 89 AD3d 703 [2d Dept 2011]; *Sommers v Sommers*, 25 AD3d 685 [2d Dept 2006]). This court will hold a hearing to "explore the relative financial circumstances of the parties, and to afford the defendant a meaningful way of testing the attorney's claims relative to time and value." (*Patterson v Patterson*, 302 AD2d 507, 508

234

[2d Dept 2003] [internal quotation marks, citations and brackets omitted].)