■ ADRIENNE FAYE SAUNDERS, Respondent, v RICHARD MARK GUBERMAN, Defendant. ADVOCATE & LICHTENSTEIN, LLP, Nonparty Appellant. [14 NYS3d 334]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered January 24, 2013, which, to the extent appealed from, denied defendant's motion for an award of $75,000 in interim counsel fees, and order, same court and Justice, entered on or about August 6, 2013, which, to the extent appealed from, denied defendant's motion for an award of $150,000 in interim counsel fees for trial, unanimously reversed, on the law and the facts, without costs, and the motions granted to the extent of awarding interim counsel fees totaling $125,000. The Clerk is directed to enter judgment accordingly.

Domestic Relations Law § 237 (a) authorizes the court in its discretion to direct either spouse to pay counsel fees directly to the attorney of the other spouse in order to enable that spouse to carry on or defend certain matrimonial actions or proceedings. Domestic Relations Law § 237 (a) further provides that any application for fees may be maintained by the attorney for either spouse in his or her own name in the same proceeding. Where the attorney of a less monied spouse is discharged without cause, the former attorney may seek counsel fees from the monied spouse in the same proceeding (*Frankel v Frankel*, 2 NY3d 601, 606 [2004]).

Contrary to plaintiff's assertions, nonparty appellant law firm has standing to appeal the denial of the January 24, 2013 order. The right to seek counsel fees under Domestic Relations

Law § 237 (a) includes the right to appeal the denial of such fees. Following the January 24, 2013 order, the firm timely served and filed a notice of appeal on defendant's behalf and may, on this basis, maintain the appeal even after having been granted leave to withdraw from representation for nonpayment of counsel fees. "If lawyers terminated without cause lose their right to petition the court for a fee award from an adversary spouse, the less affluent spouse would suffer the consequences" (*Frankel*, 2 NY3d at 607). The same holds true here. The firm was not required to file a separate notice of appeal to establish and maintain standing to appeal the January 24, 2013 order, and defendant may not cause the firm, which timely served and filed a notice of appeal on its own behalf from the August 6, 2013 order, to lose standing by withdrawing his separately filed notice of cross appeal of that order.

On the merits, the applications for interim counsel fees were improperly denied. Domestic Relations Law § 237 (a) contains a rebuttable presumption that "counsel fees shall be awarded to the less monied spouse." Here, the court erred by failing to designate defendant as the less monied spouse. The court's analysis unduly relied on the current incomes of the parties and did not sufficiently consider the value of their assets. Instead of focusing simply on their current incomes, the court should have also weighed the earning history and earning potential of both parties. Although plaintiff was unemployed at the time the motions were made, she earned considerably more than defendant during the course of their relationship, and according to the court's own finding, expects to earn more than defendant upon finding new employment. In addition, while the court recognized that plaintiff had more assets than defendant, it reasoned that the assets were "unlikely to produce an income that is equal to [defendant's]" and mistakenly exempted them from its analysis. As it does here, excluding assets merely because they do not generate income can severely distort the financial positions of the parties.

We find defendant to be the less monied spouse and therefore presumptively entitled to counsel fees under Domestic Relations Law § 237 (a). The purpose of interim counsel fees is to level the playing field while litigation is ongoing (*see O'Shea v O'Shea*, 93 NY2d 187, 190 [1999] ["The courts are to see to it that the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet"]). Though the court noted that the parties owe similar amounts to their attorneys, plaintiff has vastly outspent defendant over the course of this action, incurring twice as many counsel fees as defend-

ant, and paying five times more to her attorneys than defendant has paid to his.

The court made no indication that the firm provided anything less than effective representation and found it to have "vigorously" represented defendant. Accordingly, we reverse the orders appealed from, and, based on our review of the record, grant the motions for interim counsel fees to the extent indicated. Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.

---

The decision and order of this Court entered herein on January 6, 2015 (124 AD3d 419 [2015]) is hereby recalled and vacated (see 2015 NY Slip Op 78950[U] [2015] [decided simultaneously herewith]).