Rhodes v Rhodes (2019 NY Slip Op 01113)





Rhodes v Rhodes


2019 NY Slip Op 01113


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-03972
 (Index No. 35758/06)

[*1]Michelle Rhodes, plaintiff-respondent, 
v
John Rhodes, defendant-respondent; Karyn A. Villar, PLLC, nonparty-appellant.


Karyn A. Villar, PLLC, Hauppauge, NY, nonparty-appellant pro se.
Janice G. Roven, New York, NY, for plaintiff-respondent.
Cobert Haber & Haber, Garden City, NY (Amy Cobert Haber of counsel), for defendant-respondent.



DECISION & ORDER
In a matrimonial action, the nonparty, Karyn A. Villar, PLLC, appeals from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated March 7, 2016. The order (1) denied the motion of Karyn A. Villar, PLLC, to hold the defendant in civil contempt based upon his disobedience of an order of the same court (Marlene L. Budd, J.) dated August 25, 2015, directing the defendant to pay the plaintiff's interim appellate attorney's fees and costs in the sum of $20,000, (2) granted the defendant's cross motion, in effect, for leave to renew his opposition to the plaintiff's prior motion for interim appellate attorney's fees and costs and, upon renewal, in effect, vacated the order dated August 25, 2015, and thereupon denied the plaintiff's motion, and (3) granted the plaintiff's motion to impose sanctions against Karyn A. Villar, PLLC, and directed Karyn A. Villar, PLLC, to pay the plaintiff's attorney's fees in the sum of $2,500.
ORDERED that the order is reversed, on the law, with one bill of costs, the motion of Karyn A. Villar, PLLC, to hold the defendant in civil contempt is granted, the defendant's cross motion, in effect, for leave to renew his opposition to the plaintiff's prior motion for interim appellate attorney's fees and costs is denied, the order dated August 25, 2015, is reinstated, the plaintiff's motion to impose sanctions against Karyn A. Villar, PLLC, is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
The plaintiff and the defendant were married in 1993 and have three children. The parties divorced in 2008. In 2013, the defendant moved to modify the parties' custody arrangement so as to award him residential custody of the children. In an order dated December 22, 2014, the Supreme Court awarded the defendant residential custody of the children and awarded the plaintiff parental access. The plaintiff appealed from that order.
In May 2015, the plaintiff moved for interim appellate attorney's fees and costs. In an order dated August 25, 2015 (hereinafter the August 2015 order), the Supreme Court, in effect, granted the plaintiff's motion, awarding her a total of $20,000 in attorney's fees and costs "for the prosecution of the appeal, with leave to apply for additional sums upon the completion of the [*2]appeal." The defendant was to pay those attorney's fees and costs to the plaintiff's then-attorney, the nonparty, Karyn A. Villar, PLLC (hereinafter the Villar firm), within 20 days of the order.
On September 23, 2015, the Villar firm moved to hold the defendant in civil contempt of the August 2015 order. The defendant cross-moved for leave to renew his opposition to the plaintiff's prior motion for interim appellate attorney's fees and costs. The defendant attached to his cross motion, inter alia, a stipulation of settlement dated September 28, 2015, wherein the plaintiff and the defendant agreed that the plaintiff would waive payment of attorney's fees and costs owed by the defendant pursuant to the August 2015 order. The plaintiff retained new counsel, and thereafter cross-moved to impose sanctions against the Villar firm, arguing that the Villar firm's contempt motion was punitive and an abuse of process.
In an order dated March 7, 2016, the Supreme Court (1) denied the Villar firm's motion to hold the defendant in civil contempt, (2) granted the defendant's cross motion for leave to renew and, upon renewal, in effect, vacated the August 2015 order granting the plaintiff's motion for interim appellate attorney's fees and costs, and thereupon denied the plaintiff's motion, and (3) granted the plaintiff's cross motion to impose sanctions against the Villar firm, and directed the Villar firm to pay the plaintiff's attorney's fees in the sum of $2,500. The Villar firm appeals.
The Supreme Court should have granted the Villar firm's motion to hold the defendant in civil contempt. To prevail on a motion to hold another party in civil contempt, the movant is "required to prove by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct" (El-Dehdan v El-Dehdan, 114 AD3d 4, 16 [internal quotation marks omitted]; see Matter of Philie v Singer, 79 AD3d 1041, 1042). The movant in a civil contempt proceeding need not establish "that the disobedience [was] deliberate or willful" (Matter of Philie v Singer, 79 AD3d at 1042). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (El-Dehdan v El-Dehdan, 114 AD3d at 17).
Here, the defendant disputes the Villar firm's showing only as to the first and third prongs of El-Dehdan v El-Dehdan (114 AD3d at 16). As to the first prong, the Villar firm established "that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect" (id. at 16), by attaching the August 25, 2015, order to the contempt motion, which order unequivocally directed the defendant to pay the Villar firm $20,000 in interim appellate attorney's fees and costs within 20 days of the order. As noted, it is undisputed that the defendant had knowledge of the terms of the August 25, 2015, order and that he did not comply with them. Finally, as to the third prong, the Villar firm demonstrated that it had begun drafting the plaintiff's appellate brief and that it was owed compensation for legal services that were performed before the Villar firm was discharged.
The defendant's proffered defenses in response to the Villar firm's showing were without merit. The plaintiff's subsequent decision to waive attorney's fees and to discharge the Villar firm did not preclude the Villar firm from collecting fees that it incurred before it was discharged, so long as it was discharged without cause (see Frankel v Frankel, 2 NY3d 601, 606-607; Matter of Gregory v Gregory, 109 AD3d 616, 617). The defendant did not contend or establish in his opposition papers that the plaintiff discharged the Villar firm for cause. Furthermore, the Villar firm was not required to exhaust other enforcement remedies before seeking to hold the defendant in civil contempt (see L 2016, ch 365, §§ 1, 2; Cassarino v Cassarino, 149 AD3d 689, 691). Under the circumstances, the Supreme Court should have granted the Villar firm's motion to hold the defendant in civil contempt (see generally El-Dehdan v El-Dehdan, 114 AD3d at 16).
Although the Supreme Court had awarded the Villar firm a total of $20,000 for the prosecution of the plaintiff's appeal, the record demonstrates that the plaintiff discharged the Villar firm before the appeal was completed. Accordingly, under the circumstances, we remit the matter [*3]to the Supreme Court, Suffolk County, to determine the amount of the attorney's fees and costs that the Villar firm is owed by the defendant, taking into consideration factors such as when the plaintiff directed the Villar firm to stop working on the appeal, when the plaintiff discharged the Villar firm, "the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances" (Matter of Gregory v Gregory, 109 AD3d at 618 [internal quotation marks omitted]).
We disagree with the Supreme Court's determination granting the defendant leave to renew his opposition to the plaintiff's prior motion for interim appellate attorney's fees and costs. Before the parties settled their underlying custody dispute and discontinued the appeal from the order dated December 22, 2014, the Villar firm performed work on, and incurred expenses arising from, the appeal from that order. As discussed above, the Villar firm was entitled to payment for its work despite the parties' settlement and attempt to waive attorney's fees and costs. Thus, the settlement and withdrawal of that appeal did not constitute new facts "that would change the prior determination," and the court should have denied the defendant's cross motion for leave to renew (CPLR 2221[e][2]).
We also disagree with the Supreme Court's determination granting the plaintiff's cross motion to impose sanctions against the Villar firm for pursuing the contempt motion. Contrary to the Villar firm's contention, the court did not violate its rights in deciding the motion without a hearing, as the plaintiff expressly requested the subject relief in her motion papers, and the Villar firm was afforded an opportunity to be heard and to oppose the motion (see Matter of Ruth S. [Sharon S.], 125 AD3d 978, 980; see e.g. Levine v Levine, 111 AD3d 898, 899). However, the Villar firm is correct that sanctions were not warranted in this case. "In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (22 NYCRR 130-1.1[a]; see Weissman v Weissman, 116 AD3d 848, 849). "[C]onduct is frivolous if . . . (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]; see Weissman v Weissman, 116 AD3d at 849). Contrary to the Supreme Court's determination, there is no evidence in the record to support a finding that the Villar firm pursued the contempt motion to harass the parties for settling their case (see 22 NYCRR 130-1.1[c][2]).
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court