■ CLAUDIA Z. POSTER, Appellant-Respondent, v HAROLD S. POSTER, Respondent-Appellant. [771 NYS2d 635]—

Judgment, Supreme Court, New York County (Judith Gische, J.), entered July 17, 2002, which, to the extent appealed from as limited by the briefs, granted in part and denied in part defendant's motion, inter alia, to confirm a special referee's report that determined the equitable distribution of the parties' assets, unanimously affirmed, without costs.

The disposition before us is supplemental to a judgment of divorce granted to plaintiff in 1999. It is the function of a referee to determine the issues presented, as well as to resolve conflicting testimony and matters of credibility. Generally, courts will not disturb the findings of a referee so long as the determination is substantiated by the record. The recommendations of a special referee are entitled to great weight because, as the trier of fact, he has an opportunity to see and hear the witnesses and to observe their demeanor (*Frater v Lavine*, 229 AD2d 564 [1996]). To the extent that the referee clearly defined the issues, resolved matters of credibility and made findings that were substantially supported by the record, the court properly credited those findings; to the extent that the referee's findings were not substantiated by the record, they were properly rejected (*Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn.*, 81 AD2d 64, 70-71 [1981], *revd on other grounds* 55 NY2d 512 [1982]).

The record demonstrates that there was no actual bias or

prejudice in the special referee's treatment of the parties (*cf. Matter of Katz v Denzer*, 70 AD2d 548 [1979]). A trial court must have the discretion to select a valuation date appropriate to the particular circumstances of the case before it. In light of the years it took to try this matter, the court properly selected a uniform valuation date as close to the trial date as possible (*see Wegman v Wegman*, 123 AD2d 220 [1986]). The court properly affirmed the referee's determination of an uneven distribution of the value of the marital residence as 65%/35% in plaintiff's favor, which reflected the referee's determination that defendant's role in the accumulation of the parties' tax liability was such that he should bear the greater financial responsibility. Conversely, where the referee's determination as to the parties' uneven responsibilities for postcommencement tax liability was not substantiated by the record, the court properly rejected his determination and apportioned the liability on a 50%/50% basis (*Shahidi v Shahidi*, 129 AD2d 627 [1987]).

We have reviewed the parties' remaining contentions for affirmative relief and find them to be without merit. Concur— Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.