NATHALIE KARG, Respondent, v ANTON KERN, Appellant. [4 NYS3d 184]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered April 3, 2014, which, to the extent appealed

from as limited by the briefs, granted plaintiff wife's application for interim counsel fees in the amount of $136,000, and directed defendant husband to pay the real estate taxes on the parties' farm property, unanimously affirmed, without costs. Order, same court and Justice, entered June 5, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motion to hold plaintiff in contempt, to dismiss the claims related to the prenuptial agreement, and to modify the support award, and granted plaintiff's motions to stay defendant's plenary action and consolidate it with this action, to vacate the automatic stay of the April 3, 2014 order awarding counsel fees, and for an additional award of counsel fees, unanimously affirmed, without costs.

Supreme Court properly awarded the wife interim counsel fees after considering the financial positions of the parties and the circumstances of the case (see Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70 NY2d 879 [1987]). Plaintiff was the less monied spouse, the disparity between the parties' respective income and assets was significant.

To the extent the legal fees awarded in the April 3, 2014 order may have related to the litigation over the parties' prenuptial agreement (there is no indication that they were so related), and to the extent the court awarded fees in connection with that litigation in its June 5, 2014 order, the awards were proper. Plaintiff was not precluded from recovering legal fees under Domestic Relations Law § 237 for services provided in opposing defendant's affirmative defense predicated on the prenuptial agreement (see Van Kipnis v Van Kipnis, 11 NY3d 573, 579 [2008]).

The court properly directed defendant to pay the real estate taxes on the parties' farm property to preserve that asset for equitable distribution (see Rosenshein v Rosenshein, 211 AD2d 456 [1st Dept 1995]). At the time that the court issued its previous pendente lite support award, the issue of the real estate taxes was not raised by either party.

The court correctly denied the part of defendant's motion seeking a downward modification of the support award since defendant failed to attach a statement of net worth (22 NYCRR 202.16 [k] [2]). In any event, defendant failed to show exigent circumstances or that the court failed to consider the relevant factors (see Strauss v Saadatmand, 89 AD3d 415 [1st Dept 2011]).

The court properly denied the part of defendant's motion seeking to hold plaintiff in contempt since defendant failed to show that plaintiff had violated a clear and unequivocal

mandate of the court or that he was prejudiced by the actions of which he complains (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]). Given the deeply damaged relationship between defendant and his 14-year-old son, following an incident of violence that occurred in July 2013, defendant cannot show that he was prejudiced by remarks plaintiff may have made about him to the child.

The court correctly denied the part of defendant's motion seeking to dismiss any claims relating to the prenuptial agreement. Defendant pleaded an affirmative defense based on the prenuptial agreement, and demanded in his answer that the court declare the agreement valid. He moved for summary judgment declaring the agreement valid and enforceable, and plaintiff opposed the motion, raising an issue of fact as to the validity and enforceability of the agreement. The parties then stipulated to a hearing on the validity of the agreement, and defendant fully and actively participated in the hearing.

The court properly consolidated this action with defendant's plenary action, which sought relief relating to the prenuptial agreement; the actions present common questions of law and fact (*see Geneva Temps, Inc. v New World Communities, Inc.*, 24 AD3d 332 [1st Dept 2005]).

The court properly vacated the automatic stay of the April 3, 2014 order obtained by defendant's posting of an undertaking to secure his obligation to pay interim counsel fees (*see* CPLR 5519 [c]; *Wechsler v Wechsler*, 8 Misc 3d 328 [Sup Ct, NY County 2005]). The court was appropriately concerned that defendant was taking advantage of the automatic stay to prevent plaintiff from receiving interim counsel fees, thereby preventing an even playing field in the litigation. Further, defendant can recoup the counsel fee award from plaintiff's share of equitable distribution, while plaintiff would be severely prejudiced if she were forced to wait months to obtain the interim award. Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ.