■ Lynn Lucka Bergman, Respondent, v Franklin Bergman, Appellant. [8 NYS3d 906]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered on or about November 8, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's motion for confirmation of the referee's report, dated April 11,

2013, to the extent it denied defendant husband's motion for a downward modification of his maintenance obligations, unanimously affirmed, without costs.

Supreme Court properly granted plaintiff's motion to confirm the referee's report, since defendant failed to establish that he had suffered a substantial change in circumstances to warrant downward modification of his support obligation (*see Nordhauser v Nordhauser*, 130 AD2d 561, 562 [2d Dept 1987]). Although the referee's findings of fact tracked the language of the arguments and assertions in plaintiff's memorandum of law, the relevant issue was whether the referee's findings were substantially supported by the record (*see Barr v Barr*, 232 AD2d 316 [1st Dept 1996]; *Freedman v Freedman*, 211 AD2d 580 [1st Dept 1995]), which they were.

Defendant's expenses exceeded his stated income, and the record established that a number of his personal expenses were paid for by his wholly-owned company, which had generated $1.5 million in 2011, the year prior to the hearing. We reject defendant's challenges to the referee's credibility findings. "It is the function of a referee to determine the issues presented, as well as to resolve conflicting testimony and matters of credibility" (*Poster v Poster*, 4 AD3d 145, 145 [1st Dept 2004], *lv denied* 3 NY3d 605 [2004]). The referee determined that defendant's witnesses were not credible to the extent they testified that his wholly-owned company was insolvent, since the testimony of insolvency was contrary to defendant's sworn statement that the combined operations of two of his entities resulted in a profit of $45,000 over a 2½ year period, and no valuation of the goodwill of the company's 32-year old trade name had occurred, even though the name had generated $1.5 million in sales for defendant's company.

We note that plaintiff was not required to offer testimony at the hearing, since the burden was on defendant to establish that he had suffered a substantial change in circumstances to warrant a downward modification of his maintenance obligations (*see Nordhauser*, 130 AD2d at 562).

The record shows that there was no actual bias or prejudice in the special referee's treatment of the parties (*see Poster*, 4 AD3d at 145-146; *see also Herman v Gill*, 61 AD3d 433 [1st Dept 2009]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.