■ NATHALIE KARG, Respondent, v ANTON KERN, Appellant. [12 NYS3d 76]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered on or about August 29, 2014, confirming an April 4, 2014 report of the Special Referee, and, in accordance with the report, setting aside the parties' June 20, 1997 prenuptial agreement, unanimously affirmed, without costs.

The motion court properly confirmed the Special Referee's report and there is no basis to disturb the Referee's credibility findings which are supported by the record (*see Poster v Poster*, 4 AD3d 145, 145 [1st Dept 2004], *lv denied* 3 NY3d 605 [2004]). In particular, the Referee credited plaintiff's testimony that she is not proficient in German, was not given a copy of the agreement prior to her execution of it and was not given an opportunity to consult an attorney. In addition, the Referee credited plaintiff's testimony that the Notar, who was an ac-

quaintance of defendant husband's parents, did not translate the agreement from German into English, that the parents, who were present at the signing, had arranged and paid for the Notar, and that defendant told plaintiff that she was simply signing an agreement to waive any claim to his father's vast wealth and assets. The Referee also relied on the testimony of the parties' experts who both agreed that under German law, which governs the agreement, the totality of the circumstances as alleged by plaintiff warrants a finding that the agreement is invalid.

Defendant's reliance on our holding in *Stawski v Stawski* (43 AD3d 776 [1st Dept 2007]) is misplaced. Although *Stawski* similarly concerned a prenuptial agreement executed in Germany in front of a notar, and a wife who was not proficient in German, there the Referee did not credit the wife's version of the facts. Significantly, we recognized in *Stawski* that if the wife's testimony had been credited she would have had a viable claim for fraud based on her testimony that she was misled regarding the purpose of the agreement, having been told it was to protect her husband in the event of bankruptcy (43 AD3d at 779). Here, plaintiff's testimony that defendant defrauded her by telling her that the agreement only concerned his parents' wealth was credited, and the testimony of defendant and his parents was found to be incredible. Thus, a finding that plaintiff herein was the victim of fraud or overreaching was proper, is consistent with *Stawski* and is supported by the record.

Defendant's challenge to the propriety of the hearing based on the alleged pleading defects was previously rejected on an earlier appeal (125 AD3d 527 [1st Dept 2015]).

Defendant waived his claim that New York law, rather than German law, applies. At the hearing and in his post-hearing memorandum he agreed that German law governs the enforceability of the agreement. Similarly, he waived his claim that plaintiff's challenge to the agreement is barred by a German 10-year statute of limitations because he did not raise this claim in his motion to dismiss.

We have considered defendant's remaining claims and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.