Macklowe v Macklowe (2019 NY Slip Op 07331)





Macklowe v Macklowe


2019 NY Slip Op 07331


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10040 350044/16

[*1] Linda Macklowe, Plaintiff-Appellant,
v
Harry Macklowe, Defendant-Respondent.


Holwell Shuster & Goldberg LLP, New York (Daniel Sullivan of counsel), for appellant.
Boies Schiller Flexner LLP, New York (David Boies of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura E. Drager, J.), entered on or about February 5, 2019, to the extent appealed from as limited by the briefs, directing the sale of certain marital artwork listed under Schedules II and III in the Amended Trial Decision and Order, dated December 21, 2018, valuing defendant's marital interest in the 432 Park Avenue "promote" at approximately $2.5 million, and valuing the marital bank debt at $66,878,603, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in directing that certain artwork listed in Schedules II and III be sold and the net proceeds distributed equally between the parties. For these works of art, the parties' retained experts presented wildly divergent valuations - in one instance their valuations differed by $30 million - which the court attributed to the lack of comparable data, such as a recent auction sale of comparable work by the artist. Given the rare and unique character of the parties' art collection, the court was faced with "unusual circumstances" that made the valuation of certain artwork "unfeasible" (see Capasso v Capasso, 119 AD2d 268, 270 [1st Dept 1986]). Contrary to plaintiff's contention, the court properly concluded that, in light of the vast discrepancies between some of the valuations, simply averaging the valuations was not an appropriate solution, because it could "well result in a speculative valuation that is not founded in economic reality" (see Robinson v Robinson, 133 AD3d 1185, 1188 [3d Dept 2015]).
Plaintiff proposes alternatively that the matter be remanded for the appointment of a neutral expert. However, in the absence of evidence that the expert testimony was arbitrary, biased, or otherwise incomplete, appointing a neutral expert would serve only to prolong this litigation between octogenarians.
Supreme Court properly valued defendant's interest in the 432 Park Avenue "promote" at approximately $2.5 million, adopting one of the three "scenarios" presented and analyzed by plaintiff's own expert based on the assumption that defendant's interest had been diluted with the influx of capital from outside equity investors. The court found that, while the other two scenarios were speculative, the scenario in which the property was valued at $2.5 million was based on obligations arising out of certain contracts. While defendant's testimony at trial was evasive and contradictory, and plaintiff submitted evidence that defendant had valued the promote at over $400 million as recently as 2016, the parties agreed that the valuation of the promote was based on a contractual obligation. However, not only did plaintiff fail to cite any provision of the contracts in support of her argument that a higher valuation was warranted, but, in addition, her expert, in presenting such a scenario, implicitly agreed that a $2.5 million valuation was possible.
Supreme Court properly valued the marital debt at $66,878,603, based on a certified financial statement by defendant's accountant as of six weeks after the date of commencement of the action. Although there was some evidence that defendant had represented that the marital debt was less than half that amount six months prior to commencement, there was another [*2]financial statement from the same time period estimating the marital debt at $67.5 million. Under the circumstances, we find no reason to disturb the court's valuation (see generally Poster v Poster, 4 AD3d 145, 146 [1st Dept 2004], lv denied 3 NY3d 605 [2004]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK