Matter of Solomon M. v Adelaide M. (2021 NY Slip Op 01328)





Matter of Solomon M. v Adelaide M.


2021 NY Slip Op 01328


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Docket No. F-27753-16/16A F-27753-16/17B F-27753-16/17C Appeal No. 13266-13266A Case No. 2019-5085 

[*1]In the Matter of Solomon M., Petitioner-Appellant,
v
Adelaide M., Respondent-Respondent.


Friedman & Friedman, PLLC, White Plains (Andrea B. Friedman of counsel), for appellant.
Steven N. Feinman, White Plains, for respondent.



Order, Family Court, Bronx County (Phaedra Perry, J.), entered on or about May 28, 2019, which, to the extent appealed from as limited by the briefs, denied the objections of petitioner husband to orders of the same court (Shira Atzmon, Support Magistrate), entered on or about January 22, 2019, dismissing with prejudice the husband's downward modification petition as to his support obligations to respondent wife and the parties' two children, and entering a money judgment in favor of the wife in the amount of $96,665.25, plus interest, unanimously affirmed, without costs.
Downward modification was properly denied. To establish entitlement to downward modification of support obligations, a party must establish the existence of a substantial change in circumstances warranting the modification (e.g. Matter of Natalya M. v Chanan M., 170 AD3d 587, 588 [1st Dept 2019], lv dismissed in part, denied in part 34 NY3d 971 [2019]; Bergman v Bergman, 128 AD3d 619, 620 [1st Dept 2015]). Where loss of employment is the basis for the downward modification petition, the party must submit competent proof that termination of employment occurred through no fault of his/her own, and that he/she has diligently sought re-employment commensurate with his/her earning capacity (see e.g. Matter of Bianca J. v Dwayne A., 105 AD3d 574 [1st Dept 2013]). Here, the husband's financial situation and potential earning capabilities had actually improved by the time of his petition as compared with the time of the stipulation he sought to modify. When he entered into the stipulation, which acknowledged his obligations under the August 3, 2015 child support order, he was unemployed and had no income, while by the time of his petition, he had earned an MBA and was earning approximately $30,000/year. He complains his take home pay is inadequate to cover his support obligations, but he had no apparent take home pay at the time of the stipulation, nor an MBA. He complains the court wrongly characterized his departure from Fortress Investment Group as voluntary, yet he produced no written proof to support his testimony that, had he not resigned, he would have been fired.
The court properly determined the husband had not submitted competent proof of having diligently searched for re-employment commensurate with his earning capacity. He does not adequately address why he performed most if not all of his job search via Indeed.com which, after numerous searches over a years-long period, yielded only a single job offer at a salary that was a fraction of his pre-MBA salary. He argues the court unfairly faulted him for not also driving a taxi to help satisfy his support obligations; however, given that his post-MBA salary was a fraction of his pre-MBA salary at Fortress, the court reasonably opined that he should have been doing more to cure the shortfall in other ways. He cites his testimony about working with a recruiter, but as the court stated, he submitted no documentation to substantiate [*2]these claims, which it accordingly did not find credible, and its credibility determinations are entitled to great deference on appeal (see e.g. Matter of Minerva R. v Jorge L.A., 59 AD3d 243 [1st Dept 2009]).
Contrary to the husband's contention, Family Court did not rely on MBA-holders' earning information from Indeed.com to "determine" his "earning capacity." Its reference to it was only part of an alternative discussion. Its core holding was that he had not shown the requisite change in circumstances to warrant downward modification, yet it added that even if he had, the Support Magistrate could still, in a provident exercise of discretion, impute his 2013 income to him. This ancillary, alternative discussion in which the reference to Indeed.com appeared does not warrant disturbing the order under review.
Lastly, petitioner does not show that his obligation for childcare expenses should have been terminated. He cites the February 5, 2018 hearing transcript to support his claim that, as apparently indicated on the wife's financial disclosure form, she had no childcare expenses, but the testimony reflects the mother's repeated efforts to clarify that the "N/A" notation as to childcare on that form was a typo. Moreover, the same transcript includes her testimony that she pays a babysitter $60 (per week, the testimony implies), which refutes his claim that her expenses, which had been $55/week, had decreased.
We have considered the husband's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021