## Matter of Travelers Home & Marine Ins. Co. v Barowitz

2024 NY Slip Op 30326(U)

January 24, 2024

Supreme Court, New York County

Docket Number: Index No. 650092/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. DEBRA A. JAMES          PART 59

*Justice*

-----------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF THE
TRAVELERS HOME AND MARINE INSURANCE
COMPANY S/H/A TRAVELERS INSURANCE COMPANY,

Petitioner,

- v -

FOR AN ORDER STAYING THE SUPPLEMENTARY
UNDERINSURED MOTORISTS ARBITRATION
DEMANDED BY ELLIOTT BAROWITZ and ZACHARY
BAROWITZ,

Respondents.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650092/2020 |
| MOTION DATE | 01/24/2024 |
| MOTION SEQ. NO. | 001 004 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 63, 64, 70, 71

were read on this motion to/for                  STAY                  .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 114, 115

were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 114, 115

were read on this motion to/for          MISC. SPECIAL PROCEEDINGS          .

ORDER

Upon the foregoing documents, it is

ORDERED that the motion pursuant to CPLR 4403 of respondent

Elliott Barowitz for an order that rejects that portion of the

report of Special Referee Lance Hewitt, dated October 3, 2023,

("the Report") that determined that "the automobile liability

policy was not in effect on May 22, 2019, the date upon which

Barowitz sustained serious injuries due to being struck by a

**650092/2020   IN THE MATTER OF THE vs. FOR AN ORDER STAYING THE**
**Motion No.  001 004 004**

**Page 1 of 5**

1 of 5

car, he was not a "resident" of Zachary Barowitz's household for the purpose of uninsured/underinsured motorist coverage" is GRANTED; and it is further

ORDERED that to the extent that its seeks an order confirming the report of the Special Referee dated October 3, 2023, that determined that "taking the totality of the evidence together, [Elliott] Barowitz was a 'resident' of the household of Zachary Barowitz for the purpose of uninsured/underinsured motorist coverage under the Maine automobile policy issued to Zachary Barowitz by petitioner during the term of the policy", the motion pursuant to CPLR 4403 of respondent Elliott Barowitz is GRANTED; and it is further

ADJUDGED that the petition to stay the subject arbitration is denied in all respects, and the proceeding is dismissed, with costs and disbursements to respondents; and it is further

ADJUDGED that the parties shall proceed to arbitration forthwith and respondents' counsel shall serve a copy of this judgment upon the arbitral tribunal; and it is further

ADJUDGED that respondents, having an address at _____ , do recover from petitioner, having an address at _____ , costs and disbursements in the amount of $ _____ as taxed by the Clerk, and that respondent have execution therefor.

**650092/2020   IN THE MATTER OF THE vs. FOR AN ORDER STAYING THE**          **Page 2 of 5**
    **Motion No.  001 004 004**

## DECISION

By Order dated September 26, 2022, as directed by the Order dated September 6, 2022, of the Appellate Division, First Department, this court referred the matter of "whether respondent Elliott Barowitz, the insured, is a resident of the household of Zachary Barowitz for the purposes of uninsured/underinsured motorist coverage under the subject Maine automobile liability policy" to a Special Referee for a framed hearing to Hear and Report.

On May 3, 2023, such evidentiary hearing was held before Special Referee Lancelot B. Hewitt, who issued the Report on October 3, 2023.

On motion of respondent Elliott Barowitz, this court rejects that portion of the findings of fact and conclusion of such Report that stated "the automobile liability policy was not in effect on May 22, 2019, the date upon which Barowitz sustained serious injuries due to being struck by a car, he was not a "resident" of Zachary Barowitz's household for the purpose of uninsured/underinsured motorist coverage", as entirely unsupported by the evidence produced at the hearing, as recorded and transcribed.

In his Report, Special Referee Hewitt stated, in pertinent part,

> I find that taking the totality of the evidence together, Barowitz was a "resident" of the household of Zachary Barowitz for the purpose of uninsured/underinsured motorist coverage under the Maine automobile liability policy issued to Zachary

**650092/2020   IN THE MATTER OF THE vs. FOR AN ORDER STAYING THE**                    **Page 3 of 5**
**Motion No.  001 004 004**

[* 3]                                                    3 of 5

Barowitz by petitioner during the term of the of the policy from June 26, 2017 through June 26, 2018 {see, LaPlante v. Peerlesss Insurance Company, 2017 WL2634640]-[Where the Court determined that whether an individual is a "resident" of a household is "fact specific" and that the "subjective intent" of the party seeking coverage is a primary factor in guiding the court in deciding the issue of residency. The Court also determined that what is also important to this decision is whether in the totality of the circumstances that person maintains a physical presence in the household with the intent to remain for more than a mere transitory period, or that the person has a reasonably recent history of physical presence together with circumstances that manifest intent to return to the residence within a reasonably foreseeable period. Additionally, the Court determined that certain additional factors were important, including [for example] the existence of a second place of lodging; use of the home address on important personal documentation; the individual's receipt of mail at the home; the individual's retention of a bedroom at the home; the individual's storage of personal belongings at the home, the nature of the individual's continuing activity while at the home; and the frequency of the individual's overnight visits to the home]).

While there was ample evidence, most notably the testimony of respondent Elliott Barowitz, his spouse and their son Zachary Barowitz, to support the finding of the Special Referee that respondent Elliott Barowitz was a resident of the household of his son, respondent Zachary Barowitz from June 26, 2017 through June 26, 2018, there is no evidence cited by the Referee for his conclusion that Elliott Barowitz ceased to be a resident of his son's household after June 26, 2018. This court has scoured the transcripts of the proceeding and finds no testimony that supports a finding that, between June 27, 2018, and May 22, 2019, the date

[* 4]

of the subject accident in which respondent Elliott Barowitz, as a pedestrian, was struck by a vehicle in New York City, ceased to reside in his son's household for the purpose of uninsured/underinsured coverage under the Maine motor vehicle liability policy. Nor does cross movant petitioner cite any evidence for the proposition that something changed as of June 27, 2018, whereby respondent Elliott Barowitz was no longer a resident of the household of his son respondent Zachary Barowitz. On such basis, to the extent that it determined respondent Elliott Barowitz ceased to be a resident of his son's household sometime after June 26, 2018, this court rejects the Report. See Poster v Poster, 4 AD3d 145 (1st Dept 2004).

20240124172823DJAMESF68A6A29F7D544688A9D88BD4604430A

__1/24/2024__
**DATE**

_____
**DEBRA A. JAMES, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650092/2020   IN THE MATTER OF THE vs. FOR AN ORDER STAYING THE**
**Motion No.  001 004 004**

**Page 5 of 5**

5 of 5