## Fuks v Rakia Assoc.

2024 NY Slip Op 31129(U)

April 4, 2024

Supreme Court, New York County

Docket Number: Index No. 122768/1996

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. MELISSA A. CRANE** | PART | **60M** |
| | *Justice* | | |

-----------------------------------------------------------------------X

MALI FUKS,

Plaintiff,

- v -

RAKIA ASSOCIATES,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 122768/1996 |
| MOTION DATE | 11/09/2023 |
| MOTION SEQ. NO. | 033 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 033) 194, 195, 196, 197, 198, 199, 200, 203, 204, 205, 206, 207, 208, 209, 210

were read on this motion to/for _____ WITHDRAW FUNDS _____ .

Plaintiff Mali Fuks ("Fuks") has moved to withdraw funds, dividing the assets of R&L Realty Associates ("R&L") between herself and her partner Ruth Shomron ("Shomron") pursuant to orders and judgments entered in both this action ("Action No. 1") and a related action (*Shomron v Fuks*, 102882/2002 ["Action No. 2"]). The R&L funds are currently held in two separate escrow accounts: one with the law firm Brill & Meisel ("B&M") in the amount of $509,074.84 and one with the Department of Finance of the City of New York ("DOF") in the amount of $6,016,835.[1]

In particular, Fuks refers to four orders and judgments that purportedly form the basis for the motion to withdraw funds:

- Action No. 1 – April 10, 2023 decision and order modifying and confirming the referee's report (NYSCEF Doc. No. 196)
- Action No. 2 – June 29, 2023 amended judgment (NYSCEF Doc. No. 197)
- Action No. 1 – July 5, 2023 amended judgment (NYSCEF Doc. No. 198)
- Action No. 1 – October 3, 2023 decision and order awarding attorney's fees (NYSCEF Doc. No. 199).

---

[1] While Fuks asserts that the exact amount that the DOF holds in escrow is $6,016,835.23, Shomron states that the amount as of October 11, 2023 was $6,016,835.27.

122768/1996  FUKS, MALI vs. RAKIA ASSOCIATES
Motion No. 033

Page 1 of 5

After finding that particular loans to R&L that formed the basis for Shomron's eighth counterclaim were valid and enforceable, the court denied without prejudice Plaintiff's prior motion to distribute funds to allow for an inquest to determine the amounts for R&L to pay back related to the loans (April 12, 2023 Decision and Order, NYSCEF Doc. No. 200). Ultimately, the court dismissed the eighth counterclaim pursuant to a May 10, 2023 decision and order (NYSCEF Doc. No. 139) and entered the judgments in both actions.

In particular, pursuant to the amended judgment in Action No. 1, the court ordered that Fuks recover from Shomron the amount of $375,000.00 plus interest at 9% per annum from December 30, 1996 in the sum of $895,345.89, for a total sum of $1,270,345.89 (July 5, 2023 Amended Judgment). After the entry of the amended judgment in Action No. 1, Shomron filed a notice of appeal of that amended judgment on November 1, 2023 (NYSCEF Doc. No. 202). Additionally, Shomron obtained an appeal bond in the amount of $1,587,932.65 in relation to the July 5, 2023 amended judgment in Action No. 1 (Appeal Bond, NYSCEF Doc. No. 201). Pursuant to the Appeal Bond, "if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed" (*id.*).

Defendants make two arguments in opposition to Plaintiff's motion to distribute the assets. First, Defendants assert that pursuant to a November 28, 2006 interlocutory judgment, the distribution of R&L's assets was to "await and be subject to the entry of a final judgment resolving the remaining claims of all of the parties in Action No. 1" (November 28, 2006 Interlocutory Judgment, ¶ 6, NYSCEF Doc. No. 204) and that pursuant to an August 16, 2010 interlocutory judgment, the net proceeds of the sale of apartments owned by R&L were to be deposited with the Clerk of the Court "pending the resolution of [Action No. 1]" (August 16, 2010 Interlocutory

122768/1996  FUKS, MALI vs. RAKIA ASSOCIATES
Motion No. 033

Page 2 of 5

[* 2]

Judgment, p. 3, NYSCEF Doc. No. 205). According to Defendants, the court must deny the motion to withdraw funds because their several appeals in Action No. 1 render the action still pending. The court rejects this argument. Neither the November 28, 2006 interlocutory judgment nor the August 16, 2010 interlocutory judgment refer to exhaustion of all appeals as a prerequisite for the withdrawal and distribution of the funds. This court's July 5, 2023 amended judgment and October 3, 2023 decision awarding attorney's fees (NYSCEF Doc. No. 199) have resolved all remaining claims in Action No. 1, and Action No. 1 is disposed.

However, Defendants also argue that the Appeal Bond automatically stays enforcement of the amended judgment in Action No. 1. Pursuant to CPLR 5519(a)(2),

> "[s]ervice upon the adverse party of a notice of appeal . . . stays all proceedings to enforce the judgment or order appealed from pending the appeal . . . where . . . the judgment or order directs the payment of a sum of money, and an undertaking in that sum is given that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed"

(CPLR 5519[a][2]; *see also Wiederhorn v Merkin*, 106 AD3d 416, 416 [1st Dept 2013]; *Motta v Ventura*, 2020 WL 13137646, *1 [Sup Ct, NY County Aug 20, 2020]).

The stay mechanism in CPLR 5519(a) is automatic (*see Karg v Kern*, 125 AD3d 527, 527 [1st Dept 2015]; *Vick v Albert*, 50 AD3d 438, 438 [1st Dept 2008]). However, it does not apply to non-final orders (*see Tax Equity Now NY LLC v City of New York*, 173 AD3d 464, 464-465 [1st Dept 2019] [finding that the "filing of a notice of appeal of an order denying a motion to dismiss does not trigger the automatic stay with respect to litigation obligations provided for in the CPLR, such as the obligation to answer and comply with discovery requests"]). Further, while the stay is automatic, a party may move the court to vacate the stay pursuant to CPLR 5519(c) (*see HGCD*

*Retail Services, LLC v 44-45 Broadway Realty Co.*, 12 Misc3d 1166(a), *1 [Sup Ct, NY County Apr 17, 2006]).

Here, by filing the notice of appeal and obtaining the Appeal Bond with respect to the amended judgment in Action No. 1, enforcement of that amended judgment was stayed. The July 5, 2023 amended judgment required Shomron pay Fuks a total sum of $1,270,245.89 (July 5, 2023 Amended Judgment). Defendants made an undertaking with respect to that amended judgment in the amount of $1,587,932.65, well in excess of the amount of the amended judgment, even accounting for interest at the rate of 9% per annum as set forth in the amended judgment (*see HGCD Retail Services, LLC*, 12 Misc3d 1166(a), at *2 [finding that an undertaking "must provide sufficient collateral to pay the judgment, and that would require taking into consideration the interest on such judgment"]). This was sufficient for an automatic stay as to the amended judgment.

The court declines to order the distribution of the remainder of the R&L assets notwithstanding the stay in place as to the July 5, 2023 amended judgment amount. Defendants argue that, given the stay of the amended judgment, Shomron is entitled to a distribution of $4,057,723.82, which is the amount Shomron would purportedly be entitled to **before** needing to pay Fuks the amended judgment amount of $1,270,345.89 (Aff. in Opposition, NYSCEF Doc. No. 203, ¶¶ 14-15). However, the amended judgment is intertwined with the amounts each party will be entitled to upon the withdrawal and distribution of the R&L assets.

Thus, the court will not proceed with that withdrawal and distribution until either (1) the appeal related to the amended judgment is decided or (2) one of the parties moves pursuant to CPLR 5519(c) to vacate the stay of the amended judgment. CPLR 5519(c) permits "[t]he court from or to which an appeal is taken or the court of original instance . . . may vacate, limit or modify

122768/1996  FUKS, MALI vs. RAKIA ASSOCIATES
Motion No. 033

Page 4 of 5

[* 4]

any stay imposed by subdivision (a)." At this juncture, none of the parties moved this court, or the Appellate Division, First Department, to vacate or modify the automatic stay.

In addition, it appears that movant has not complied with the Department of Finance's ("DOF") requirements for withdrawals. DOF requires applicants to obtain a certificate of deposit before submitting a petition to withdraw funds. The certificate of deposit "must be attached to [the] petition to the court" (NYC.gov, "Withdrawing Court and Trust funds" page, *available at* https://www.nyc.gov/site/finance/sheriff-courts/courts.page [last visited 4/4/24]). There is no certificate of deposit attached to these motion papers.

Therefore, the court denies without prejudice the motion to withdraw and distribute the R&L funds currently held in escrow. Plaintiff may re-file a new motion to withdraw funds once the stay is vacated or modified. Any new motion must comply with all DOF requirements.

The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is

**ORDERED** that Plaintiff Mali Fuks' motion to withdraw funds (MS 33) is denied without prejudice to a new motion on proper papers.

| | | |
|---|---|---|
| **4/4/2024** | | |
| **DATE** | | **MELISSA A. CRANE, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

122768/1996   FUKS, MALI vs. RAKIA ASSOCIATES
Motion No. 033

Page 5 of 5