■ 174 SECOND EQUITIES, CORP., Respondent, v HEE NAM BAE, Appellant. [869 NYS2d 433]—

Plaintiff was the landlord of premises leased by a company owned by defendant, who signed a personal guaranty in the event of default. In January 2004, the company delivered the keys to plaintiff and vacated the premises, leaving behind various clothing, machinery, equipment and chemicals it used in its dry cleaning and leather treatment business. After several written demands for removal of this property were ignored by defendant, plaintiff contracted with two companies to restore the premises to broom-clean condition, as required by the lease.

After trial, the court concluded that defendant was liable for the cost of the cleanup and the rent for the period when the premises were being cleaned. Defendant challenged this finding on grounds, inter alia, that the machinery and equipment left behind were fixtures that were, under the lease, the property of the landlord; the court improvidently exercised its discretion in denying him additional time to subpoena witnesses; and he should have been permitted to challenge the amount of attorney fees sought by plaintiff.

Machinery is deemed a fixture where it is installed in such manner that removal would result in material damage to it or the realty, or where the building in which it is housed was specially designed for that purpose, or where there is other evidence that its installation was of a permanent nature (*Matter of City of New York [430 E. 59th St. Corp.]*, 278 NY 276, 281-282 [1938]). Improvements used for business purposes, which would lose substantial value if removed, may also qualify as fixtures (*Rose v State of New York*, 24 NY2d 80, 86 [1969]). The equipment and machinery at issue were affixed to the walls and floor of the building by pipes, hoses and brackets, and were purchased by the company from a prior tenant. The machinery could be and was removed without substantial damage to the premises, and no evidence was provided that the installation was of a permanent nature. Thus, they were not fixtures, and under the lease the company was required to remove them when it vacated

the premises. Even if the machinery and equipment were deemed to be fixtures, under the lease plaintiff could disclaim ownership and timely demand their removal from the premises, which it did. In any event, the lease provided that trade fixtures, which were an integral part of the company's business, remained the property of the company.

The court correctly held that defendant was liable for the rent for the period necessary for restoring the premises to broom-clean condition, as required by the lease. Despite delivery of the keys by the company in January, the lease was not terminated until the company's property was removed in March.

The court did not improvidently exercise its discretion in denying defendant's request for an adjournment in order to subpoena two unnamed witnesses. A court is vested with broad discretion to control its calendar. In deciding a request for an adjournment, the court should conduct a balanced review of all relevant factors, including the merit of the action, prejudice or lack thereof to the plaintiff, and whether or not there was an intent to deliberately default or abandon the action. This trial commenced in mid-October and was concluded in late December. Defendant had ample opportunity to compel the presence of witnesses on his behalf, but waited until the eleventh hour, and even then failed to provide the court with any information on the identity of the witnesses or the relevance of their testimony.

Since the order appealed from did not award a specific amount of attorney fees, that issue is not ripe for review.

We have reviewed defendant's other claims and find them without merit. Concur—Andrias, J.P., Nardelli, Sweeny, DeGrasse and Freedman, JJ.