Law Offices of Linda M. Toga, P.C., Respondent, 
against
Barbara Matthews, Appellant.



Appeal from a judgment of the District Court of Suffolk County, Sixth District (David A. Morris, J.), entered February 9, 2015. The judgment, entered pursuant to a decision of the same court dated January 8, 2015, after a nonjury trial, awarded plaintiff the principal sum of $11,245.41.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated January 8, 2015 is deemed a premature notice of appeal from the judgment entered February 9, 2015 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, without costs.
On or about January 20, 2010, the parties entered into a retainer agreement pursuant to which defendant agreed to pay plaintiff for legal services performed in connection with a Supreme Court proceeding pursuant to Mental Hygiene Law article 81 involving the removal of one of the co-guardians of the property of defendant's father, an incapacitated person. Defendant made payments for the legal services that had been rendered by plaintiff in the Supreme Court proceeding until October 11, 2010, which left a balance due of $5,695.14. In November 2010, plaintiff moved for leave to withdraw as counsel in the underlying Supreme Court proceeding, which motion was ultimately granted by order dated May 23, 2011 (Martha L. Luft, J.). 
On August 14, 2014, plaintiff commenced this action to recover the principal sum of $11,312.41 in unpaid legal fees incurred by defendant, plus 10 percent interest, as per the parties' retainer agreement, as well as the legal fees and expenses incurred in enforcing the retainer agreement. Plaintiff alleged that, despite the fact that it had sent to defendant periodic invoices, statements and written requests for payment, defendant had not paid plaintiff since October 11, 2010, nor had defendant disputed the amount or the basis for the legal fees demanded. Defendant served an answer on September 5, 2014. On October 6, 2014, the date the court scheduled for a pretrial conference, only plaintiff appeared, as defendant had requested, by letter, an adjournment of three to four weeks. The court adjourned the matter to November 17, 2014 for trial, and both the court and plaintiff's counsel sent written notification to defendant advising her that the matter was on for trial.
On November 17, 2014, both parties appeared, and defendant informed the court that she was not prepared to proceed to trial because she had not yet conducted discovery. As she conceded that she had received notification that this was to be a trial date, the court directed her to proceed. After the nonjury trial, the District Court, in a decision dated January 8, 2015, [*2]awarded plaintiff the principal sum of $11,245.41, plus interest of 10 percent, calculated from the last bill, dated May 31, 2014. The court declined to award legal fees and expenses for this action. A judgment in the principal sum of $11,245.41 was entered on February 9, 2015. Defendant's appeal from the January 8, 2015 decision is deemed a premature notice of appeal from the judgment entered February 9, 2015 (see CPLR 5520 [c]).
On appeal, defendant contends that the District Court erred in refusing to grant her an adjournment in order to conduct discovery and in crediting the testimony of plaintiff's witness over the testimony of defendant.
A court is vested with broad discretion to control its calendar (see 174 Second Equities, Corp. v Hee Nam Bae, 57 AD3d 319 [2008]). A request for an adjournment is addressed to the sound discretion of the trial court, and its determination will not be disturbed absent an improvident exercise of that discretion (see Bay Ridge Fed. Sav. & Loan Assn. v Morano, 199 AD2d 354 [1993]). In the instant case, defendant admitted that she had received written notification that November 17, 2014 was to be a trial date. Her application on that date to adjourn the trial resulted only from her own lack of diligence in commencing formal discovery prior to the trial date. She did not notify the court or her adversary in advance of the trial date that she wished to conduct discovery, but instead appeared on the trial date claiming that she was not prepared to proceed. Moreover, upon inquiry, the court learned that many of the documents which defendant sought to discover were either already in her possession or readily obtainable from other sources without the need for discovery. Consequently, it was not an improvident exercise of discretion for the District Court to deny defendant's application for an adjournment.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Here, the District Court apparently credited plaintiff's witness's version of the facts rather than defendant's, and we find no basis to disturb that credibility determination.
Accordingly, the judgment is affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: July 08, 2016