Richardson v New York City Hous. Auth. (2023 NY Slip Op 50194(U))

[*1]

Richardson v New York City Hous. Auth.

2023 NY Slip Op 50194(U)

Decided on March 15, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Michael, James, JJ.

570550/22

Charlene Richardson, Petitioner-Appellant, 
against
New York City Housing Authority-, Gompers Houses, Respondent-Respondent.

Petitioner-tenant, as limited by her briefs, appeals from that portion of (1) an order of the Civil Court of the City of New York, New York County (Frances A. Ortiz, J.), dated May 3, 2022, which granted respondent's cross-motion for access to petitioner's apartment to make repairs and an (2) an order (same court and Judge), dated June 8, 2022, which set forth additional access dates and adjourned the matter for a pre-trial conference in a Housing Part ("HP") enforcement proceeding.

Per Curiam.
Order (Frances A. Ortiz, J.) dated May 3, 2022, insofar as appealed from, affirmed, without costs. Appeal from order (Frances A. Ortiz, J.) dated June 8, 2022, dismissed, without costs, as nonappealable.
In light of the Housing Part's expansive jurisdiction over proceedings to enforce proper housing standards (see Prometheus Realty Corp. v City of New York, 80 AD3d 206, 210 [2010]; CCA 110), Civil Court properly granted respondent-landlord's cross motion for access to petitioner's apartment to complete urgent and necessary repairs (see Administrative Code of City of NY § 27—2008).
The June 8, 2022 order is "not appealable as of right because it did not decide a motion made on notice" (Bitton v H.S.B.C., 53 Misc 3d 154[A], 2016 NY Slip Op 51746[U] [App Term, 1st Dept 2016]; see also CCA 1702[a][2]; CPLR 2211). Were we to nostra sponte grant leave to appeal this order, we would affirm. A court is vested with broad discretion to control its calendar (see 174 Second Equities, Corp. v Hee Nam Bae, 57 AD3d 319 [2008]) and we find no abuse of discretion in setting the matter down for a pretrial conference under the circumstances of this proceeding. 
We have examined petitioner's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 15, 2023