Villarreal Garza v Ramirez (2026 NY Slip Op 00329)

Villarreal Garza v Ramirez

2026 NY Slip Op 00329

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 300421/23|Appeal No. 5644|Case No. 2025-01100|

[*1]Graziella Maria Villarreal Garza, Plaintiff-Appellant,
vRaul Ramirez, Defendant-Respondent.

Daniel H. Stock, PLLC, New York (Daniel H. Stock of counsel), for appellant.
Chemtob Moss Forman & Beyda, LLP, New York (Mudita Chawla of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered February 10, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff wife's motion for a protective order and for leave to file a motion to renew and reargue Supreme Court's rulings with respect to the scope of defendant husband's deposition, granted the motion to the extent of directing the husband to pay $25,000 in additional interim counsel fees, and sua sponte directed the wife to file a note of issue on or before February 28, 2025 and to file a copy of the order and a special referee information sheet with the special referee clerk within 10 days of the filing of the note of issue, directed the parties to exchange certain documents for presentation to a special referee, and directed the parties to hold a pretrial conference, unanimously modified, on the law, to the extent of vacating the interim counsel fee award to the wife of $25,000 and awarding the wife interim counsel fees of $75,000, and otherwise affirmed, without costs.
Supreme Court properly denied the wife's motion for a protective order under CPLR 3103 directing the husband to appear for a continuation of his deposition. The motion sought to broaden financial disclosure to include the names of persons with whom the husband had relationships and the nature of those relationships, during the parties' marriage as well as after. This motion did not comport with the purpose of a CPLR 3103 protective order — namely, to regulate disclosure for the purpose of preventing abuse and avoiding "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice" (CPLR 3103[a]). Instead, the wife affirmatively sought to expand the scope of discovery to obtain information going well beyond the bounds the disclosure that would be reasonable to ascertain the husband's finances (see Balsamello v Structure Tone, Inc., 226 AD3d 580, 581 [1st Dept 2024]; see also Westchester Rockland Newspapers, Inc. v Marbach, 66 AD2d 335, 338-339 [2d Dept 1979]). Further, in light of the deference afforded to Supreme Court's discretionary determinations regarding disclosure, we decline to disturb the court's conclusion that lines of inquiry into the husband's dating life were not relevant (see Gumbs v Flushing Town Center III, LP, 114 AD3d 573, 574 [1st Dept 2014]). We likewise decline to disturb the court's determination that inquiry into the finances of the husband's mother was neither necessary nor appropriate.
Supreme Court properly found that the wife is the less monied spouse, as she is unemployed while the husband makes in excess of $1 million annually. She is therefore presumptively entitled to counsel fees under Domestic Relations Law § 237(a) (see O'hea v O'Shea, 93 NY2d 187, 190 [1999]; see also Prichep v Prichep, 52 AD3d 61, 65 [2d Dept 2008]). Given the parties' relative financial positions, and given the fact that they have incurred similar amounts of counsel fees, we vacate the counsel fee award of $25,000 and award the wife $75,000 in counsel fees (see e.g. Saunders v Guberman, 130 AD3d 510, 511-512 [1st Dept 2015]).
Supreme Court providently exercised its discretion in denying the wife's motion insofar as it sought leave to renew, as there was no "prior motion" to which the motion was addressed (CPLR 2221[a]; Van Ryn v Goland, 189 AD3d 1749, 1751-1752 [3d Dept 2020]). In any event, even if we were to review the court's determination, we would find it to be without merit, as the motion did not point to any "material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court" (Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979]; see CPLR 2221[e]). Moreover, insofar as the wife appeals the denial of her motion for leave to reargue, the appeal is not properly before us, as denial of a motion to reargue is not appealable (see e.g. D'Alessandro v Carro, 123 AD3d 1, 7 [1st Dept 2014]).
Finally, a motion court is vested with broad discretion to control its calendar (174 Second Equities Corp. v Hee Nam Bae, 57 AD3d 319, 321 [1st Dept 2008]). As a result, we see no reason to disturb either Supreme Court's conclusion that the case was ready to proceed to trial or its related directives intended to advance the action toward trial. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026