People v Rodriguez (2026 NY Slip Op 00329)

People v Rodriguez

2026 NY Slip Op 00329

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Ind. No. 90020/05|Appeal No. 5692|Case No. 2023-03063|

[*1]The People of the State of New York, Respondent,
vPedro Rodriguez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joseph Tucker of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 1, 2023, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant has presented no basis that would warrant this Court exercising its discretion to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant, including his positive institutional record, completion of sex offender and substance abuse treatment programs, participation in vocational training, completion of his GED and pursuit of his Bachelor's degree, familial support, and expressed remorse have been adequately taken into account by the risk assessment instrument (see People v Lopez, 215 AD3d 575 [1st Dept 2023], lv denied 40 NY3d 904 [2023]; People v Stucky, 174 AD3d 454, 455 [1st Dept 2024]).
Further, defendant did not establish that his response to sex offender treatment was so exceptional as to warrant a downward departure (see People v Bevel, 224 AD3d 430 [1st Dept 2024]; People v Alcantara, 154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]). Neither did defendant establish how either his academic pursuits or vocational efforts would particularly reduce his likelihood of reoffense or the danger he might pose to the community (Bevel at 431).
In any event, the totality of the circumstances does not support a downward departure, as the violence and serious nature of the underlying crimes, consisting of the rapes of strangers, coupled with the extensiveness of defendant's criminal history, outweigh any proffered mitigating factors (see Lopez 215 AD3d at 575).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026